## No. 13,124.

ANDREW LOW GREEN vs. SAMUEL J. HART AND MRS. MAURICE J. HART.

### SYLLABUS.

1. An averment in a petition of the solidarity of an obligation which is joint in fact, and a prayer for a judgment *in solido* against several defendants, does not constitute an estoppel against the plaintiff's recovery against some of the defendants because he made a compromise with another defendant after issue joined.

2. The obligation of two or more persons who intervene in an act of sale to a corporation, and give their personal guarantee that for a period of years its shares of preferred stock shall annually earn and pay a dividend of ten *per cent.*, is joint as to the obligors and not *in solido.*

3. Such a covenant evidences an independent stipulation *pour autrui* and not a contract of suretyship; and the obligation of the intervenor is different and distinct from that of the corporation. Consequently, the insolvency of the corporation, judicially declared, did not have the effect of precipitating the maturity of the installments of the intervenor's indebtedness not yet run to maturity on the face of the contract, notwithstanding it had that effect as to its own debts not yet due. The principles announced in Hawkes vs. Bright, 51st Ann., 79, are affirmed.

APPEAL from the Civil District Court for the Parish of Orleans. *Ellis, J.*

*Omer Villere (Bernard McCloskey, Guy M. Hornor* and *Dinkelspiel & Hart,* of counsel) for Plaintiff, Appellee.

*Clegg & Quintero* for Defendants, Appellants.

The opinion of the court was delivered by

WATKINS, J. The plaintiff alleges that he is the owner of one hundred and ninety (190) shares of the preferred capital stock of the New Consumers Ice Company, Limited, of one hundred ($100) dollars each, and he seeks to recover of the defendants, Samuel J. Hart and Mrs. Helen H. Hart, as the heirs of Judah Hart, the sum of $6,650, as one-half of a dividend of ten per cent. per annum for a period of ten years on the par value of said stock, payable semi-annually on the first of May and November of each year.

This suit is based on an obligation of Judah Hart and R. T. McDonald, contained in act of sale, which is fully described in the opinion of this court, in the case of Mrs. Harriet A. Horner vs. R. T. McDonald *et als.*, No. 13,119, this day decided.

The judge *a quo* was of the opinion that the obligation of Hart and McDonald was joint, and not *in solido,* as will appear from the following extract from his reasons for judgment, to-wit:

"But I do not think further comment is needed. The covenant is "to me plainly that of a joint obligation, and as there were two obli-"gors, the law prescribes the liability of each of them to be for one-"half of the undertaking."

But, notwithstanding the view he thus expressed, he inadvertently

rendered judgment against the defendants, Hart, for the full amount of the entire ten per cent. semi-annual dividends of nine hundred and fifty dollars, each—fourteen in number—the whole aggregating $13,300, principal, double the amount for which petitioner prayed judgment; and, notwithstanding, no interest is claimed in the prayer of the petition, he gave judgment for five per cent. per annum for each semi-annual instalment from the date of the maturity thereof.

The issues raised in this case are identical with those in the case of Mrs. Harriet A. Horner vs. R. T. McDonald et als., No. 13,119, this day decided; and for the reasons therein assigned, we are of opinion that judgment should have been rendered in favor of the plaintiff for only one-half of each of the semi-annual dividends which matured and became due on the 1st of May and November of 1897; on the 1st of May and November of 1898, and the 1st of May, 1899, this suit having been filed on the 1st of June, 1899—and that a judgment of non-suit should have been entered with respect to the remaining dividends claimed for the year 1899 and subsequent years.

It is therefore ordered, adjudged and decreed, that the judgment appealed from be amended and reduced, and that the plaintiff, Andrew Low Green, do have and recover of the defendants, Samuel J. Hart and Mrs. Helen H. Hart, one-half of the amount of each of the semi-annual dividends claimed for the years 1897, 1898, and the first instalment of 1899, of four hundred and seventy-five dollars ($475) each, with five per cent. per annum interest from judicial demand. And that, in all other respects, the judgment be reversed, the demand in respect to other dividends enumerated being dismissed as of non-suit, and that the. costs of appeal be taxed against the plaintiff and appellee.